UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHUCK LATHAM ASSOCIATES, INC.                    CIVIL ACTION

VERSUS                                           NO. 15-0287

ACE BAYOU CORPORATION                            SECTION A(5)


**ORDER AND REASONS**

Before the court is a **Motion for Partial Summary Judgment (Rec. Doc. 20)** filed by Defendant Ace Bayou Corporation ("Ace") and a **Motion for Partial Summary Judgment (Rec. Doc. 25)** filed by Plaintiff Chuck Latham Associates ("CLA"). The motions, set for submission on December 2, 2015, are before the Court on the briefs without oral argument. This matter is set to be tried to a jury beginning on February 1, 2016.

I.     **Background**

Plaintiff CLA, a Colorado corporation, filed suit in this Court against Ace, a Louisiana corporation, on January 30, 2015, based on Ace's alleged failure to pay money it owed to CLA. (Rec. Doc. 1). CLA worked as the exclusive sales representative for Ace, a manufacturer of pet furniture and supplies, and solicited sales of Ace's products from retailers Petco and PetSmart. (Rec. Doc. 1). The parties had an agreement governing their relationship, requiring Ace to pay CLA a commission on all sales. (Rec. Doc. 1). The agreement states that it is to be governed by Colorado law. (Rec. Doc. 1).

CLA alleges that the parties' agreement is silent as to Ace's obligation to pay commissions on orders CLA procured before termination that were dated or communicated to Ace Bayou after termination. (Rec. Doc. 1). CLA therefore asserts that under Colorado's procuring cause doctrine,

1

CLA is entitled to recover commissions on such post-termination sales for which CLA was the "procuring cause." (Rec. Doc. 1).

In its motion, Ace argues that the procuring clause doctrine does not apply here. (Rec. Doc. 20). Ace asserts four arguments: (1) that the procuring cause doctrine applies only in the context of real estate sales; (2) that the contract here expressly provided the protocol for the parties upon termination of the agreement, negating the need for the procuring cause doctrine to act as a gap-filler; (3) that the procuring cause doctrine does not apply in the presence of a merger clause; and (4) that equitable remedies like this doctrine should not be administered in the presence of contractual remedies.

In its motion, Plaintiff argues that there is no genuine issue as to any material fact regarding Ace's violation of the Colorado Wholesale Sales Representatives Act.

## II. Analysis

### Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts"

showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

> *Defendant's Motion*

Under the procuring cause doctrine, a salesperson who procures a person ready, willing, and able to purchase upon terms and conditions imposed by the owner is entitled to a commission. *See Telluride Real Estate Co. v. Penthouse Affiliates, LLC*, 996 P.2d 151, 153 (Colo. App. 1999) (citing *Brewer v. Williams*, 362 P.2d 1033 (1961)). The parties agree that Colorado courts have not specifically applied the procuring cause doctrine to independent sales representatives like CLA. Colorado courts have applied the doctrine largely in the real estate context. Ace argues that the application of the doctrine to a different context is inappropriate, since Colorado courts have routinely framed holdings involving the doctrine around the agent-seller relationship.

The Court is not persuaded that this precludes application of the doctrine in a context like this one, given that Colorado courts have not expressly stated that the doctrine is limited in the way Ace asserts. Further, CLA presents the Court with a number of cases in other jurisdictions that have recognized the doctrine's applicability to sales representatives. *See e.g., Houben v. Telular Corp.*, 231 F.3d 1066, 1073 (7th Cir. 2000) (finding sales employee entitled to commission on "sales made after termination of a contract if that party procured the sales through its activities prior to termination"); *Aerotronics, Inc. v. Pneumo Abex Corp.*, 62 F.3d 1053, 1064-65 (8th Cir. 1995) (applying procuring cause doctrine in case involving sales representative); *Leach Corp. v. Turner*, 390 P.2d 515, 517-518 (Okla. 1964); *Zweck v. DP Way Corp.*, 234 N.W. 2d 921, 924 (Wis.

1975). This Court therefore is not persuaded that the Colorado Supreme Court would limit the procuring cause doctrine to the real estate context as Ace asserts.

Ace also asserts that the contract here expressly provided the protocol for the parties upon termination of the agreement, negating the need for the procuring cause doctrine to act as a gap-filler. The Court finds the contract is unclear on the issue of commissions received by Ace post-termination but procured by CLA pre-termination. Ace asserts that the provision for a termination fee intends to compensate CLA "for any and all claims for other amounts due." While the contract does provide for a termination fee, the contract is not clear on whether this is the exclusive payment CLA is entitled to after termination.

Ace also argues that the procuring doctrine clause is inapplicable when the parties' agreement contained a merger clause. Ace claims that in the case of *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 499 (Colo. 1995), the Supreme Court of Colorado "expressly identified the doctrine of good faith as the sole exception to the Merger Clause Doctrine." (Rec. Doc. 20-2 at 13). CLA's counsel and the Court have been unable to find such express language in the case. Ace lacks support for its argument here, and the Court is therefore not persuaded by it.

Ace's final argument relies again on its assertion that the contract here is clear. Ace argues that equitable remedies cannot apply when the parties have entered an express contract covering the subject. The Court disagrees with Ace's premise that the contract here is clear and therefore rejects this argument.

*Plaintiff's Motion*

The Colorado Wholesale Sales Representatives Act provides as follows:

(1) A distributor, jobber, or manufacturer who knowingly fails to pay commissions as provided in any written contract or written sales agreement shall be liable to the wholesale sales representative in a civil action for treble the damages proved at trial.

Co. St. § 12-66-103. Plaintiff asserts that the evidence demonstrates that Ace knowingly failed to pay commissions to CLA as provided in the parties' agreement. Plaintiff emphasizes that the parties' contract provided that Ace would make commission payments to CLA before the 15th day of every month, and Plaintiff cites law stating that a party is presumed to know the contents of a contract signed by it. While this may be so, this Court refuses to find that because a party is presumed to have knowledge of the terms of its agreement, any violation of the agreement would be a knowing one. Plaintiff also argues that the restrictive language on Ace's belated checks to CLA, bearing the words "Payment in Full," demonstrates a knowing failure to pay commissions. The Court is not persuaded that this language proves Ace's knowledge. Even in light of this language, there is an issue of fact for the jury on whether Ace had the knowledge required by the Act.

The Court further finds that there is an issue of fact on whether Ace knowingly failed to pay commissions, based on Ace's characterization of the failure as an oversight. Ace cites an email in which a partner of Ace wrote, "My partner and I were 100% unaware of any of this until yesterday." (Rec. Doc. 19-4 at 3). The Court therefore is not persuaded that Ace knowingly failed to pay. Instead, this is an issue of fact for the jury.

Accordingly;

**IT IS ORDERED** that **Motion for Partial Summary Judgment (Rec. Doc. 20)** is **DENIED**;

**IT IS FURTHER ORDERED** that **Motion for Partial Summary Judgment (Rec. Doc. 25)** is **DENIED**.

December 21, 2015

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5