UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHUCK LATHAM ASSOCIATES, INC.                          CIVIL ACTION

VERSUS                                                 NO. 15-0287

ACE BAYOU CORPORATION                                  SECTION A(5)

**ORDER AND REASONS**

Before the court is a **Motion for Partial Summary Judgment** (**Rec. Doc. 26**) filed by

Defendant Ace Bayou Corporation ("Ace"). The motion, set for submission on December 30,

2015, are before the Court on the briefs without oral argument. This matter is set to be tried to a

jury beginning on February 1, 2016.

I.      **Background**

Plaintiff CLA, a Colorado corporation, filed suit in this Court against Ace, a Louisiana

corporation, on January 30, 2015, based on Ace's alleged failure to pay money it owed to CLA.

(Rec. Doc. 1). CLA worked as the exclusive sales representative for Ace, a manufacturer of pet

furniture and supplies, and solicited sales of Ace's products from retailers Petco and PetSmart.

(Rec. Doc. 1). The parties had an agreement governing their relationship, requiring Ace to pay

CLA a commission on all sales. (Rec. Doc. 1). The agreement states that it is to be governed by

Colorado law. (Rec. Doc. 1).

CLA alleges that the parties' agreement is silent as to Ace's obligation to pay commissions

on orders CLA procured before termination that were dated or communicated to Ace Bayou after

termination. (Rec. Doc. 1). CLA therefore asserts that under Colorado's procuring cause doctrine,

1

CLA is entitled to recover commissions on such post-termination sales for which CLA was the "procuring cause." (Rec. Doc. 1).

In a previous motion, Ace argued that the procuring cause doctrine did not apply here. (Rec. Doc. 20). Ace asserted four arguments: (1) that the procuring cause doctrine applies only in the context of real estate sales; (2) that the contract here expressly provided the protocol for the parties upon termination of the agreement, negating the need for the procuring cause doctrine to act as a gap-filler; (3) that the procuring cause doctrine does not apply in the presence of a merger clause; and (4) that equitable remedies like this doctrine should not be administered in the presence of contractual remedies. The Court denied this motion.

In the instant motion, Ace argues that the specific contract between Ace and PetSmart clearly does not provide for commission on post-termination sales. Ace further argues that because CLA did not procure any sales from PetSmart during the two-year duration of the parties' contract, CLA is not entitled to payment for post-termination sales.

## II.     Analysis

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

It seems that Ace's motion again attempts to convince the Court that the procuring cause doctrine should not apply in this case. Ace does this, however, without directly addressing the procuring cause doctrine. The Court therefore remains unpersuaded and instead agrees with Plaintiff that the procuring cause doctrine exists to prevent the termination of a sales representative like CLA that would deprive it of the fruits of its labor. Ace cites no authority to support its argument that a sales representative is not entitled to commission on post-termination sales when it made no sales during the duration of the parties' contract, and Ace fails to explain to the Court why such an argument should prevail in light of the procuring cause doctrine.

In its reply, Ace further asserts that the procuring cause doctrine cannot apply because Plaintiff has no evidence of post-termination orders. Plaintiff alleges that orders were placed five weeks after CLA's termination. Considering this and the lack of authority presented in Ace's motion, the Court finds summary judgment inappropriate.

Accordingly;

**IT IS ORDERED** that **Motion for Partial Summary Judgment (Rec. Doc. 26)** is **DENIED**.

January 11, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3